**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0577n.06
Filed: July 7, 2005

04-4136

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

PHILLIP GAMMALO, )
)
  Petitioner-Appellant, )
)
v. ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR THE
MICHELLE BERLIN, Warden, ) NORTHERN DISTRICT OF OHIO
)
  Respondent-Appellee. )

Before: NORRIS and DAUGHTREY, Circuit Judges, and JORDAN,[*] District Judge

**PER CURIAM.** The petitioner, Phillip Gammalo, is an Ohio state inmate serving a life sentence following his conviction by a three-judge panel for aggravated murder and attempted rape. He filed a petition for a writ of habeas corpus in the Northern District of Ohio pursuant to 28 U.S.C. § 2254, claiming that his conviction was unconstitutional because his waiver of a jury trial was unknowing and uninformed. Specifically, Gammalo argued that to effectuate a valid waiver of his constitutional right to a jury trial, the trial court was required to inform him of the jury's role in a capital sentencing and to engage him in a colloquy to ensure the voluntariness of his waiver. The district court denied relief, finding

---

[*]The Hon. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

that the Ohio courts had reasonably determined that Gammalo's jury waiver was consistent with clearly established federal law.  We find no error and affirm.

Faced with a charge of murder and eligible for the death penalty, Gammalo waived his right to a jury trial and agreed to be tried by a three-judge panel as provided by Ohio law.  *See* Ohio Rev. Code § 2945.06.  He signed a waiver stating:

> I, Philip Gammalo, the defendant in the above cause, hereby voluntarily and knowingly waive and relinquish my right to a trial by jury, and elect to be tried by a three judge panel of the court in which said cause may be pending.  I fully understand that under the laws of this state I have a constitutional right to trial by jury.

Before accepting the wavier, the trial judge read the waiver aloud and asked Gamallo to confirm that the signature on the form was his.  Gammalo openly affirmed that he wanted to proceed to trial before a three-judge panel.

The Ohio courts found that the waiver was valid, and the district court agreed.  We conclude that a more intensive inquiry was not constitutionally required, given that the Supreme Court has never clearly established that a trial court must conduct a colloquy with a defendant or otherwise inform the defendant of the jury's role in sentencing before accepting a valid waiver of a jury trial.  Supreme Court precedent requires only that the waiver be voluntary, knowing, and intelligent, with sufficient awareness of the relevant circumstances and likely consequences, *see Brady v. United States*, 397 U.S. 742, 748

(1970), and places the burden on the habeas petitioner to show otherwise. *See Adams v. United States*, 317 U.S. 269, 281 (1942).

Because the relevant case law and the reasons why Gammalo's petition should be denied have been accurately and adequately identified by the district court, the issuance of a full, written opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment entered by the district court based upon the reasoning set forth in the magistrate judge's recommendation of June 15, 2004, and the district court's opinion filed on July 28, 2004.